UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
OCT - 6 2017

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PHILLIP MOUND,<br><br>　　　　　Defendant. | 3:16-CR-30169-RAL<br><br>**OPINION AND ORDER DENYING MOTIONS TO DISMISS DEFENDANT'S INDICTMENT** |

Defendant Phillip Mound was indicted on December 14, 2016, on three different counts. Doc. 1. Defense counsel filed a Motion to Continue the Trial and all Related Pretrial Deadlines on September 5, 2017. Mound moved to dismiss his indictment based upon violation of the Speedy Trial Act and the Sixth Amendment. Docs. 26, 28. For the reasons stated below, this Court denies Mounds' motions to dismiss his indictment.

I.  Facts

Defendant Phillip Mound was indicted on December 14, 2016, on three different counts: Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3), Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and Assault Resulting in Substantial Bodily Injury to an Intimate Partner in violation of 18 U.S.C. §§ 1153 and 113(a)(7). Doc. 1. Mound made his Initial Appearance on June 27, 2017. Doc. 17. His jury trial was scheduled for Tuesday, September 5, 2017. Doc. 23.

Defense counsel moved for a continuance on September 5, 2017, citing the need for "additional time to investigate this matter and prepare for trial." Doc. 24 at ¶ 4. Defense counsel advised this Court that Mound would not agree to a continuance, but indicated he required more

time "to investigate new leads and potentially get medical expert advise [sic] and prepare a proper defense for trial." Doc. 24 at ¶ 4. This Court found that the ends of justice served by continuing the trial outweighed the best interests of the public and Mound in a speedy trial, in order to allow defense counsel to prepare a proper defense for trial, and therefore granted the motion for a continuance on September 6, 2017. Doc. 25.

Mound filed a motion to dismiss his indictment on September 19, 2017, based upon violation of the Speedy Trial Act. Doc. 26. In his motion, Mound asserted the motion for continuance was "turned in without my knowledge and consent" and was granted "71 days after" his initial appearance. Doc. 26. After the Government filed its response opposing Mounds' motion, Doc. 27, Mound filed another motion to dismiss his indictment, in which he argued that the 70-day time period set in accordance with the Speedy Trial Act had lapsed, and that the Sixth Amendment of the United States Constitution, in congruence with the Speedy Trial Act, justified dismissal of his indictment. Doc. 28.

## II. Discussion

Mound appears to contend that his indictment should be dismissed both because 1) the continuance was granted after the 70-day time period, as set forth in the Speedy Trial Act, had lapsed, and 2) the continuance should not have been granted because he did not give his consent for a continuance. Neither contention justifies dismissal of his case.

### A. 70-day time period

The Speedy Trial Act provides that the trial of a defendant who has pleaded not guilty "shall commence within seventy days from the filing date...of the...indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18. U.S.C. § 3161(c)(1). In calculating the 70-day window in

which a defendant's trial must commence, the Speedy Trial Act "automatically excludes 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.'" United States v. Bloate, 655 F.3d 750, 753 (8th Cir. 2011) (quoting 18 U.S.C. § 3161(h)(1)(D)).

Mound made his Initial Appearance on June 27, 2017, thus the 70-day time period began running on that date. Seventy days from that date is September 5, 2017. Because Mound's counsel filed a motion for continuance on September 5, 2017, and this Court made a "prompt disposition" of that motion on September 6, 2017, those days are excluded from calculating the 70-day window under § 3161(h)(1)(D). Thus, Mound's contention that the time period lapsed by the time this Court granted the motion for continuance is incorrect.

### B. Mound's refusal to consent to a continuance

Mound argues that because the motion for continuance was filed by his counsel without his knowledge or consent, his indictment should be dismissed. Doc. 26; Doc. 28. This argument is without merit. In United States v. Herbst, the United States Court of Appeals for the Eighth Circuit was faced with the question of whether a delay caused by a continuance that was requested by defense counsel but opposed by the defendant could be excluded under the Speedy Trial Act. 666 F.3d 504, 509 (8th Cir. 2012). The Eighth Circuit in Herbst determined that a defendant's consent was not required, because "the plain language of section 3161(h)(7)(A) does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. at 510 (internal citations and quotations omitted); see also, United States v. Dunn, 723 F.3d 919, 928 (8th Cir. 2013) (affirming a grant of a continuance sought by defense counsel and opposed by defendant where

the district court made the finding that "the ends of justice served by the continuance outweigh the interests in a speedy trial").

Defense counsel made a motion to this Court for a continuance on the basis that counsel required additional time to prepare a proper defense for Mound by investigating new leads and potentially seeking medical expert advice. Doc. 24 at ¶¶ 3–4. This Court determined that the ends of justice served by continuing Mounds' trial outweighed the best interests of the public and Mound in a speedy trial. Doc. 25. Pursuant to 18 U.S.C. § 3161(h)(7)(A) and the Eighth Circuit's precedent, this Court's grant of a continuance without the express consent of Mound was valid.

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that the Defendant's motions to dismiss the indictment, Docs. 26 and 28, are denied.

DATED this 6th day of October, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE